# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRI D. CARR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-67-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Kerri D. Carr requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled and that she could perform her past relevant work. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 7, 1964, and was forty-one years old at the time of the administrative hearing. She has a high school education, approximately two years of college course work, and previously worked as a teller, sales clerk, retail manager, auditor, convenience store cashier, and surveillance system monitor. The claimant originally alleged that she had been unable to work since December 31, 2000, and later amended her petition to reflect June 18, 2005, as the alleged date of disability onset (Tr. 51). The claimant alleges that she has been unable to work because of seizure disorder, scoliosis, and depression.

## Procedural History

On June 30, 2003, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Kim D. Parrish conducted a hearing in Ardmore, Oklahoma, on March 28, 2006, and determined that the claimant was not disabled on May 5, 2006. The Appeals Council denied review on December 21, 2007, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a wide range of light work as follows: "Light work involves lifting or carrying a maximum of 20 pounds and frequently lifting or carrying objects weighing 10 pounds. The claimant could occasionally bend forward at the waist, occasionally bend at knees to come to rest on knees, and occasionally bend downward by bending legs and spine. The claimant would not be able to work around unprotected heights or dangerous machinery (Tr. 21)." The ALJ then concluded that the claimant could return to her past relevant work as teller, sales clerk, retail manager, auditor, convenience store cashier, and surveillance monitor (Tr. 24).

**Review**

The claimant's sole contention is that the ALJ erred by failing to properly analyze the weight given to the opinion of his treating physician, Dr. John Tatom. The Court finds this contention persuasive.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a

treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [416.927]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. The applicable factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. And if the ALJ decides to reject a treating physician's opinions entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The ALJ summarized Dr. Tatom's treatment of the claimant (Tr. 22) and noted his opinion that she would be unable to "sustain a forty-hour workweek" because of her chronic back pain syndrome, hypertension seizure disorder (Tr. 23). The ALJ refused to give this opinion controlling weight because he found it to inconsistent not only with the medical records (which reflected only one seizure per year prior to the claimant's onset date and only one seizure thereafter) but also with "the other medical opinions as a whole." (Tr. 23-24). The ALJ also noted that Dr. Tatom's opinion that the claimant was

basically unable to work was an issue to be decided by the Commissioner, which justified the refusal to apply controlling weight *even if* the other reasons did not. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.").

The ALJ did not, however, properly complete his analysis of Dr. Tatom's opinion, *i. e.*, he failed to determine the appropriate weight to give the opinion by applying *all of the factors* in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See, e. g., Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § 404.1527."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. *See also Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."), *quoting* Soc. Sec. Rul. 96-5p. This was particularly important to do here because the only other opinion of any kind came from a physician who conducted a consultative examination of the claimant, and the ALJ failed to specify the weight due *that* opinion as well. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. While it is fairly clear the ALJ *did give* considerable weight to the consultant's opinion, citing it as

one of the inconsistencies justifying refusal to give controlling weight to Dr. Tatom's opinion, the ALJ provided no explanation for favoring an opinion from a consulting source over an opinion from a treating source. *See Hamlin*, 365 F.3d at 1223 ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."). *See also Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) ("A treating physician's opinion is favored over an opinion offered by a consulting physician."), *citing Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987).

Because the ALJ failed to properly analyze the opinion evidence in the case, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further consideration. If this results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 9th day of September, 2009.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**